UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER,<br><br>                   Plaintiff,<br><br>v.<br><br>CORIZON, LLC; MICHAEL BLURTON; BOBETTE WHITING; and DR. ANDREW THUERNAGLE,<br><br>                   Defendants. | Case No. 1:14-cv-00532-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court are three non-dispositive motions ripe for adjudication in this prisoner civil rights case. (Dkts. 20, 23, and 24.)[1] The Court finds that the decisional process would not be aided by oral argument. Dist. Idaho L. Rule 7.1(d). After reviewing the record and the arguments of the parties, the Court enters the following Order addressing the pending motions.

---

[1] Additionally pending is Defendants' Motion for Summary Judgment. (Dkt. 21.) This matter was conditionally assigned to the undersigned Magistrate Judge. However, not all parties filed their consent to magistrate judge jurisdiction. Therefore, this matter must be reassigned to a District Judge for the consideration of the dispositive motion. *See* Fed. R. Civ. P. 72(b).

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

Plaintiff William Fletcher is in the custody of the Idaho Department of Correction (IDOC) and is currently incarcerated at Idaho State Correctional Center (ISCC). Plaintiff's claims arise from dental treatment he received at ISCC. The IDOC contracts with Defendant, Corizon Health Services, a private entity, for the medical treatment of its inmates.

On August 1, 2014, Fletcher sought emergency dental treatment at the prison, but was turned away by Defendant Michael Blurton, a registered nurse at the prison, who told Fletcher the pain in his mouth was not an emergency. Compl., ¶ 2. (Dkt. 3 at 3.) Fletcher later attempted to seek treatment from Defendant B. Whiting, a dental assistant at the prison. Whiting allegedly "refuse[d] to make the necessary appointment" for Fletcher to be evaluated by a dentist and said that Fletcher would have to wait to see the dentist. *Id.* Whiting informed Fletcher there was only one part-time dentist available to treat all the inmates in need of dental care. *Id.*

Fletcher was examined by the dentist, Dr. Thuernagle, on September 2, 2014, just over one month after first complaining of the pain in his mouth. Dr. Thuernagle informed Fletcher that he had two abscessed teeth and two cavities and which would ordinarily require a root canal, crowns, and fillings. *Id.* However, Briggs alleges Dr. Thuernagle stated that this treatment was too expensive and would take too much time, so he recommended that the teeth be extracted instead. *Id.*

Fletcher names, as defendants in this case, in addition to Corizon, Michael Blurton, B. Whiting, and Dr. Thuernagle; each defendant is being sued in his individual

**MEMORANDUM DECISION AND ORDER - 2**

capacity. He seeks compensatory damages in the amount of $125,000 and punitive damages in the amount of $200,000.

The Court issued an initial review order, finding Fletcher sufficiently stated colorable Eighth Amendment claims against Defendants Blurton, Whiting, and Thuernagle, based on his dental treatment, and also against Corizon, based on alleged understaffing with respect to dental services. Further, the Court found Fletcher sufficiently stated negligence and medical malpractice claims against all Defendants.

## ANALYSIS

1. **Plaintiff's Motion for Discovery (Dkt. 20)**

"[D]iscovery documents must be served upon other counsel and parties but must not be filed with the Clerk of the Court unless on order of the Court or for use in the proceeding." Dist. Idaho L. Rule 5.4. This Court's Order provides, "[d]iscovery is exchanged between parties, not filed with the Court." (Dkt. 19).

Fletcher filed a Motion for Discovery (Dkt. 20), requesting several documents from Defendants. Fletcher's motion is improper, as discovery is permissible without a motion and it is not necessary for Briggs to file his initial discovery requests with the Court; instead, he should serve his discovery requests by sending them to Defendants directly. Therefore, the Court will deny the motion for discovery.

2. **Plaintiff's Motion for Stipulation to Attend a Settlement Conference (Dkt. 23)**

"At any time after a civil action or proceedings is commenced, any party may request…a Judicial Settlement Conference." Dist. Idaho Loc. Civ. R. 16.4(b)(1)(B). The Court's Scheduling Order provides: "[s]hould Plaintiff and any Defendant wish to attend

**MEMORANDUM DECISION AND ORDER - 3**

a settlement conference, they shall file a stipulation to attend a settlement conference, and the case will then be referred to the Court's ADR Director." (Dkt. 19 at 5.)

Fletcher filed a Motion for Stipulation to Attend a Settlement Conference (Dkt. 23). Fletcher's motion is mislabeled as a "stipulation," as Defendants did not join in the request. Instead, Defendants object to attending a settlement conference, at least at this time.[2] Because both parties do not join in the request for a settlement conference, the Court will deny Fletcher's request.

### 3.     Plaintiff's Motion for Stay on 8/17/15 Scheduling Order (Dkt. 23.)

A party seeking to amend a scheduling order must demonstrate "good cause" to do so. Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992). A court may modify the scheduling order if the deadline cannot be reasonably met despite the diligence of the party seeking the modification. *Id.*

Here, Fletcher requests the Court issue an order staying the Scheduling Order. (Dkt. 19.) Other than including "Motion for Stay on 08/17/15 Scheduling Order" in the caption of his multi motion document, Fletcher does not provide any support as to why the Court should stay the scheduling order. Because Fletcher has not alleged or shown "good cause" to support a modification of the Court's order, the Court will deny Plaintiff's motion without prejudice.

---

[2] Defendants expressed their desire to wait until the Court issues its order on the pending Motion for Summary Judgment (Dkt. 21) before discussing the possibility of settlement with Fletcher.

**MEMORANDUM DECISION AND ORDER - 4**

**4.     Plaintiff's Requests to Amend Complaint**

"A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In a court's determination to grant leave to amend, the court considers "whether amendment would prejudice the defendant and whether amendment would be futile." *Ridenour v. Bank of Am., N.A.*, 23 F. Supp. 3d 1201, 1204 (D. Idaho 2014) (citing *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051–52 (9th Cir.2003).

Fletcher timely makes two requests for leave to amend his complaint.[3] First, he requests leave to join an additional defendant to this lawsuit. (Dkt. 23.) Second, in his motion for discovery, he requests to amend the amount of relief sought in his complaint. (Dkt. 20.) The Court will discuss each request more fully below.

**A. Join P.A. C. Brown, employee of Corizon**

Fletcher requests permission to join C. Brown, a physician's assistant employed by Corizon, as a defendant in this law suit. Fletcher alleges, on July 31, 2015, nearly three months shy of one year after the events giving rise to his dental claims, he visited ISCC medical and was seen by Brown for recurring chest pain. Fletcher desires to join Brown, because, allegedly, Brown deliberately failed to treat Fletcher's severe chronic chest pain. Essentially, in addition to Fletcher's desire to join Brown as a party to this lawsuit, Fletcher is requesting to add claims to the current suit—against Brown. The Court finds joinder, as proposed by Fletcher, would be improper.

---

[3] The deadline in this case for the parties to file motions to amend or to join parties is November 15, 2015. Schd. Ord, ¶ 2. (Dkt. 19 at 2.)

**MEMORANDUM DECISION AND ORDER - 5**

"[U]nrelated claims against unrelated parties may not be brought in a single action." *Bishop v. Harrington*, 2013 WL 1962684, at *2 (E.D. Cal. May 10, 2013), *aff'd*, 586 Fed. Appx. 386 (9th Cir. 2014) (citing *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or a series of transactions and occurrences, and (2) there are common[ ] questions of law or fact." *Id.*; Fed. R. Civ. P. 20(a)(2). "Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits joinder of multiple claims against the same party." *Id.*

The events giving rise to the current claims of inadequate dental care are not related to the events giving rise to Fletcher's claims against Brown for inadequate medical care for his chest pain. For this reason, joinder is improper. In addition, taking into consideration that a dispositive motion has already been filed and the parties are in the middle of discovery, the Court finds joinder of parties and additional claims, at this time, would result in unnecessary delay. For these reasons, the Court will deny Fletcher's motion. If Fletcher desires to pursue his claims against Brown, he may do so by filing another lawsuit.[4]

---

[4] In Fletcher's motion for joinder of Brown, he indicated he was in the process of exhausting his administrative remedies. But, in his response to Defendant's Motion for Summary Judgment Part 2 (Dkt. 29), though Fletcher primarily references his claims related to dental care, he attaches the grievances and appeal form related to his proposed claims against Brown. The Court will construe the attached documents as Fletcher's reply to Defendant's response to Fletcher's motion for joinder of Brown.

**MEMORANDUM DECISION AND ORDER - 6**

### B. Revise amount of relief sought

Hidden in Fletcher's motion requesting discovery, he requests permission also to amend his complaint to increase the amount of damages requested. In his complaint, Fletcher requested $125,000 in compensatory damages and $200,000 in punitive damages.[5] Compl. (Dkt. 3 at 18.) He now seeks to recover $1.4 million in compensatory and punitive damages. Defendants have not expressed opposition to this motion, as they did not file a response. Should this case proceed to trial, Defendants will have an opportunity to contest the amended figure. Under these circumstances, leave for the amendment will be granted. *See Cimino v. Glaze*, 228 F.R.D. 169, 174 (W.D.N.Y. 2005) ("courts have held that an amendment increasing the amount of claimed damages should generally be allowed, absent some demonstrable prejudice to the defendant.").

### 5. Plaintiff's Requests for Appointment of Counsel (Dkt. 20, 23)

Fletcher also asks the Court to reconsider its earlier order denying his request for appointment of counsel. He contends that, because he is inexperienced with the discovery process and trial, it would be unfair to proceed without counsel.

A pro se prisoner's confusion or ignorance of the law is not, by itself, a reason to appoint counsel. (Dkt. 12.)  Fletcher has not established "exceptional circumstances" warranting the appointment of counsel under the standards applicable in the Ninth Circuit. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Nor has Fletcher met his burden under *Louen v. Twedt*, 2007 WL 915226 (E.D. Cal. March 26,

---

[5] In his request to increase damages sought, Fletcher asserts he originally asked for $550,000 in damages. The Court is unclear how Fletcher computed this total.

**MEMORANDUM DECISION AND ORDER - 7**

2007), establishing grounds for reconsideration for the Court's prior order. He has offered no compelling reason for the Court to reconsider its previous denial of appointment of counsel at this time. Therefore, Fletcher's request for counsel will be denied.

## CONCLUSION

The Court will deny Fletcher's Motion Request for Discovery, Motion for Stipulation to Attend a Settlement Conference, Motion for Stay on 08/17/15 Scheduling Order, Motion to Join Defendant Brown, and his requests for appointment of counsel. The Court will, however, grant Fletcher's motion to amend the complaint to increase the relief originally sought.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion Request for Discovery (Dkt. 20) is **DENIED**;

2) Plaintiff's Motion for Stipulation to Attend a Settlement Conference (Dkt. 23) is **DENIED**;

3) Plaintiff's Motion for Stay on 08/17/15 Scheduling Order (Dkt. 23) is **DENIED** without prejudice;

4) Plaintiff's Motion for Joinder for P.A. C. Brown Employee of Corizon Medical (Dkt. 24) is **DENIED**;

5) Plaintiff's request to amend relief sought in complaint is **GRANTED**;

6) Plaintiff's requests for Appointment of Counsel (Dkt. 20, 23) are **DENIED**; and

7) The Clerk is directed to reassign this matter to a District Judge due to lack of all parties' consent under Fed. R. Civ. P. 72.

Dated: **November 23, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 9