UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER,<br><br>                      Plaintiff,<br><br>vs.<br><br>CORIZON HEALTH SERVICES; MICHAEL BLURTON; BOBETTE WHITING; and ANDREW THUERNAGLE,<br><br>                      Defendants. | Case No. 1:14-cv-00532-BLW<br><br>MEMORANDUM DECISION |

## INTRODUCTION

The Court has before it a motion to reconsider filed by defendants, and several motions filed by plaintiff William Fletcher. The motions are fully briefed and at issue. For the reasons set forth below, the Court will grant the motion for reconsideration, deny Fletcher's motions, and dismiss this case.

## ANALYSIS

**Defendants' Motion to Reconsider**

Plaintiff William Fletcher is an inmate incarcerated at the Idaho State Correctional Institution operated by the Idaho Department of Correction (IDOC). His lawsuit claims he received inadequate dental care while incarcerated. By making him wait four weeks for dental care and then extracting his teeth in lieu of alternative procedures, Fletcher contends defendants were negligent, committed medical malpractice, and provided

**Memorandum Decision – page 1**

constitutionally inadequate dental care. His lawsuit contains a § 1983 claim and various state law claims for negligence and medical malpractice.

The defendants filed a motion for summary judgment seeking to dismiss the entire case on the ground that Fletcher failed to exhaust the grievance procedure set up by the IDOC. The Court interpreted the motion more narrowly, holding that it only sought to dismiss Fletcher's § 1983 claim. In its decision, the Court dismissed the § 1983 claim because Fletcher failed to exhaust the IDOC's grievance procedures. *See Memorandum Decision (Dkt. No. 41).*

Defendants have now filed a motion to reconsider, arguing that their original motion sought to dismiss the entire case, including the state law claims for negligence and malpractice. After reviewing the original briefing, the Court agrees.

Idaho's exhaustion requirement is co-extensive with the federal requirement contained in the Prison Liability Reform Act (PLRA). *See Butters v. Valdez,* 241 P.3d 7, 12 (Id.Ct.App. 2010) (finding the case law interpreting the PLRA "persuasive" and holding that "the exhaustion requirement under I.C. § 19–4206(1) demands that the procedural and filing deadlines of a prison's administrative remedy process be complied with"). Thus, Fletcher's state law claims must be dismissed for the same reasons stated in the Court's earlier decision. The Court will therefore grant the motion for reconsideration and issue a separate Judgment dismissing this case in its entirety.[1]

---

[1] Defendants filed a motion for extension of time to file a motion for summary judgment if necessary but that motion is moot given the decision set forth above.

**Memorandum Decision – page 2**

**Fletcher's Motions**

Plaintiff Fletcher has filed (1) a request for ADR; (2) a motion for reconsideration of the Court's decision discussed above finding a failure to exhaust the IDOC's grievance procedures; (3) a request for relief seeking a judgment in the sum of $850,000; and (4) a request to enter final judgment.

In his request for the Court to reconsider its ruling on the exhaustion issue, Fletcher makes the same arguments the Court specifically addressed and rejected in its earlier-filed decision. Fletcher offers no reason to alter that analysis. Because Fletcher has failed to exhaust the grievance procedures, this lawsuit must be dismissed and his remaining motions denied. The Court will enter a separate Judgment denying Fletcher's motions.

DATED: November 29, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court