UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER,<br><br>        Plaintiff,<br><br>vs.<br><br>CORIZON HEALTH SERVICES; MICHAEL BLURTON; BOBETTE WHITING; and ANDREW THUERNAGLE,<br><br>        Defendants. | Case No. 1:14-cv-00532-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion to reconsider filed by plaintiff Fletcher. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

# ANALYSIS

Plaintiff William Fletcher is an inmate incarcerated at the Idaho State Correctional Institution operated by the Idaho Department of Correction (IDOC). His lawsuit claims he received inadequate dental care while incarcerated. By making him wait four weeks for dental care and then extracting his teeth in lieu of alternative procedures, Fletcher contends defendants were negligent, committed medical malpractice, and provided constitutionally inadequate dental care. His lawsuit contains a § 1983 claim and various state law claims for negligence and medical malpractice.

**Memorandum Decision & Order – page 1**

The Court granted partial summary judgment to the defendants, holding that Fletcher failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act (PLRA), but finding that the state law claims remained because defendants had not sought summary judgment on those claims. Defendants sought reconsideration of that decision, arguing that they had in fact requested summary judgment on the state law claims. The Court agreed, granted that motion, and entered a final Judgment in defendants' favor.

Fletcher seeks reconsideration of that decision, arguing that (1) defendants waived their right to seek reconsideration; (2) he was not required to exhaust administrative remedies because the Warden misled him into believing that his claim would be resolved; and (3) he did eventually exhaust his administrative remedies in 2016.

None of these arguments warrants reconsideration. Exhaustion of administrative remedies must occur prior to suit being filed – Fletcher filed this action in 2014 so his "exhaustion" in 2016 does not satisfy the PLRA. *Woodford v Ngo,* 548 U.S. 81, 85 (2006). The Warden's comments did not absolve Fletcher of his duty to exhaust, and the Court specifically rejected this argument in its earlier decision. Fletcher adds nothing new to warrant reconsideration of that decision. Finally, the defendants did nothing to waive their right to seek reconsideration.

For all these reasons, the Court will deny Fletcher's motion to alter or amend or reconsider.

**ORDER**

In accordance with the Memorandum Decision above,

**Memorandum Decision & Order – page 2**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to alter, amend, or reconsider (docket no. 57) is DENIED.

DATED: May 1, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court